UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ATOO HEERA SAKHRANI,

    Plaintiff,

V.

WASHINGTON MUTUAL BANK, F.A.,
its OFFICERS, AGENTS, AND their,
INSURORS, AND JOHN DOES 1-10,
AND JANE DOES 1-10,

    Defendants.

---

Civil Action No. 06-1760 (PGS)

OPINION

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to dismiss complaint and restrain plaintiff from future "re-filing" of the claims. On June 6, 2006, Washington Mutual Bank (WMB) moved to dismiss this case on the grounds that the lawsuit is duplicative and barred by the entire controversy doctrine, collateral estoppel and res judicata. Plaintiff opposed the motion and cross-moved seeking sanctions pursuant to Fed. R. Civ. P.11. The Complaint has a number of counts for many common law theories and federal causes of action including the Truth in Lending Act (TILA). 15 U.S.C. §1601, et. seq.

I.

On May 3, 2001, Sakhrani executed a loan and mortgage in the amount of $274,900 on the property located at 53 Engle Street, Cresskill, New Jersey ("the property"). Sakhrani does not contest that he stopped paying his mortgage on or about June 1, 2003. Evidently, plaintiff's justification for not paying is that he served a "notice of rescission" of loan which he claims was not

responded to within the statutorily required 20-day period under TILA. 15 U.S.C. § 1635, *et seq.*

This mortgage has been subject to at least six other law suits.  They are:

* *Deuthsche Bank v. Savkhrani v. Ameriquest*, Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-18721-03 (Lawsuit 1);

* *Sakhrani v. Ameriquest*, Superior Court of New Jersey, Special Civil Part, Bergen County, Docket No. DC-6443-03 (Lawsuit 2)*;*

* *Sakhrani v. Ameriquest, et al.*, United States District Court, D.N.J., Docket No. 03-5570 (Lawsuit 3);

* *Sakhrani v. Ameriquest, et al.*, Superior Court of New Jersey, Chancery Division - Equity, Bergen County, Docket No. C-87-05 (Lawsuit 4);

* *In the matter of Ahoo Heera Sakhrani*, United States Bankruptcy Court, D.N.J., Docket No. 05-34286 (Lawsuit 5); and

* *Sakhrani v. Escala, et al.*, United States District Court, D.N.J., Docket No. 05-4746 [currently pending before this Court as a separate matter] (Lawsuit 6)

Lawsuit 1, the foreclosure action, was removed to federal court.  At that time, the Hon. Katharine C. Hayden ruled that Plaintiff failed to demonstrate the requisite diversity of citizenship, and subsequently remanded the matter to the Superior Court of New Jersey by order dated March 22, 2004.  Interestingly, U.S.D.J. Hayden never addressed the TILA issue because Sakhrani did not raise it until filing his answer wherein he raised TILA as both an affirmative defense and a separate claim. Thereafter, Sakhrani's answer, defenses and counterclaim relating to the loan and mortgage had been dismissed with prejudice and a Final Judgment in Foreclosure was entered on April 6, 2005 on behalf of Deutsche Bank in the Superior Court of New Jersey.

In Lawsuit 5, Sakhrani filed for protection under Chapter 13 of the U.S. Bankruptcy Code. This was subsequently converted to a Chapter 11 proceeding.  During the pendency of Lawsuit 5,

the Bankruptcy Action, it came to light that Deutsche Bank did not hold the mortgage on the Property. It appears that Ameriquest, the original mortgagor had, in fact, assigned its interest to Washington Mutual Bank (WMB). This error was overlooked in the first four lawsuits. More unbelievably, neither Sakhrani or Deutsche Bank raised this issue in the first four lawsuits. At that time, U.S.B.J. Steckroth resolved the issue. In the transcript of the December 13, 2005 hearing, Judge Steckroth recognized that the Final Judgment in Foreclosure entered in 2005 on behalf of Deutsche Bank was wrong; accordingly, he allowed defendants to amend its answer to name WMB as the appropriate defendant. In addition, he granted the motion to strike Deutsche Bank's answer.

Thereafter, Sakhrani voluntarily dismissed his bankruptcy petition, and WMB commenced execution on the judgment entered in Lawsuit 1.[1]  To this day, it is uncertain whether the judgment has been either assigned or amended to reflect WMB as the correct judgment holder. Although the attorneys for Deutsche Bank advised Judge Steckroth that they intended to make an application to amend the Judgment to the Superior Court. It appears this issue is presently pending before the Superior Court of New Jersey (in Lawsuit 1) which Mr. Sakhrani reopened in order to enjoin the sale of the Property.

II.

The court is obligated to make certain that federal claims of plaintiff have been substantively addressed. In Sakhrani's response to the motion he stresses violations of TILA. Accordingly, a brief discussion of same is warranted. As stated above, Lawsuit 1 was removed to federal court by

---

[1] In early July, 2006, Sakhrani brought an Order to Show Cause to enjoin a pending sheriffs sale. This was denied because the same mater was the subject of an emergent motion in Superior Court of New Jersey.

Sakhrani.[2] The removal was solely based on diversity, and plaintiff's TILA claim was not addressed by the district court at that time. In order to make certain TILA claims were addressed, the court reviewed the pleadings of Lawsuits 1-6. TILA claims were raised and addressed in Lawsuit 1 and Lawsuit 4. It is also plead in Lawsuit 6. In essence, the same issue is being relitigated here. It is the same mortgage, and the same issue under TILA. The mistake does not give rise to any other substantiative rights because this matter is still governed by the terms and conditions of the loan and mortgage from Ameriquest to Sakhrani.

### III.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F. 3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See, In Re Warfarin Sodium,* 214 F. 3d 395, 397-98 (3d Cir 2000). The court considered some documents outside the pleadings. In such cases, the motion shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. The court has complete discretion to accept such materials beyond the pleadings. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 905 n.3 (3d Cir. 1997); Wright & Miller, *Fed. Practice and Procedure*: Civil 2d § 1366. It is from this viewpoint that the court reviewed the motion to dismiss.

---

[2]*Sakhrani v. Ameriquest, et al.*, United States District Court, D.N.J., Docket No. 03-5570.

IV.

The doctrines of *res judicata* and collateral estoppel "share the common goals of judicial economy, predictability, and freedom from harassment . . . ." *Electro-Miniatures Corp. v. Wendon Co., Inc.*, 889 F.2d 41, 44 (3d Cir. 1989) (quoting *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). Generally speaking, *res judicata* prevents a party from relitigating a claim that was the subject of a prior judgment in an action between the same parties. *Id.* In this case, the doctrine of *res judicata* is not invoked due to the confusion over naming the appropriate party. Collateral estoppel, on the other hand, "precludes the relitigating of an issues that has been put in issue and directly determined adversely to the party against whom the estoppel is asserted." *Id.* (quoting *Melikan v. Corradetti*, 791 F.2d 274, 277 (3d Cir. 1986), appeal after remand 893 F. 2d 1330 (3d Cir. 1989), cert. den. 498 U.S. 821 (1989). All issues here have been litigated in six prior lawsuits; and even the issue of the mistakenly named financial institution has been the subject of at least two prior proceedings. This repackaging of the claim must be dismissed. In this case, collateral estoppel is applicable because all the issues have been subject to previous litigation. The underlying documents (loan and mortgage) are the same. The mistakenly named financial institution was corrected in Lawsuit 5 by the Bankruptcy Court. From this court's review, this suit contains no new legal or factual issues.

V.

Even if collateral estoppel is found not to apply, the case is barred by the entire controversy doctrine. Under the entire controversy doctrine, all claims against all parties relating to the same controversy or subject matter should be asserted in a single litigation or, if not asserted, be forever barred and precluded in the future. *Gilman v. Waters, McPherson, McNeill, PC*, 271 F.3d 131, 134 (3d Cir. 2001). A federal court deciding whether a federal cause of action is barred by a prior state

court action is bound to follow New Jersey's entire controversy doctrine, by virtue of the Full Faith and Credit Act.  28 U.S.C. § 1738 (1994).

"The doctrine applies to both subsequent actions asserting different legal theories and those requesting alternative relief."  *Electro-Miniatures Corp.*, 889 F.2d at 45 (quoting *Printing Mart-Morristown, Inc. v. Rosenthal*, 650 F. Supp. 1444, 1447 (D.N.J. 1987).  In applying the doctrine, the New Jersey courts make an evaluation of each potential component of a particular controversy to determine the likely consequences of the omission of that component from the action and its reservation for litigation another day.  *Id.*  If those consequences are likely to mean that the litigants will, after final judgement is entered, be likely to engage in additional litigation in order to dispose of their respective rights which derive from a single transaction or related series of transactions, then the omitted component must be regarded as an element of the minimum mandatory unit of litigation.  *See id.* (citing *William Blanchard Co. v. Beach Concrete Co., Inc.,* 375 A.2d 675, 683-84 (App. Div.), *cert. denied*, 384 A.2d 507 (1977).

Clearly, as evinced by Plaintiff's multitude of pending litigation, both in state and federal court, the issues outlined in this Complaint should have been brought in one of the prior filings.

Notwithstanding the fact that federal court historically have protected the right of individuals to bring valid claims, and that pro se plaintiffs are accorded some latitude in application of the Rules, this case must be dismissed.  In light of the multitude of previous lawsuits, it suffices to say plaintiff has had ample opportunity to present its claims previously.

Motion to dismiss is granted.

VI.

Plaintiff Sakhrani crossmoves for sanctions.

"Rule 11 authorizes imposition of sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose, e.g. 'To harass or to cause unnecessary delay or needless increase in the cost of litigation.'" *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) (citing *Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991). Sanctions are appropriate only if the filing of the complaint "constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (citing *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir. 1988), *cert. denied dub nom., Herman Bros., Inc. v. Teamsters Local Union No. 430*, 488 U.S. 848 (1988). Sanctions are warranted "only in the 'exceptional circumstance' where a claim or motion is patently unmeritous or frivolous." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir.), *cert. denied*, 502 U.S. 939 (1991) (citing *Doering v. Union County Bd. Of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

Plaintiff argues sanctions are appropriate because lawyers for Deutsche Bank erroneously filed suit stating the bank held a mortgage on the Property when it did not. Although this is true, there is no evidence that the mistake was intentional or done to harass or cause undue delay.

Based on the foregoing standard and factual background, Sakhrani's motion for sanctions is denied.

VII.

Defendants also seek an order requiring Sakhrani to move before this court before he can "re-file" any other lawsuits or motion. This is akin to a prior restraints. It is very extraordinary relief. In light of defendants failure to name the proper party in the first case, which may have attributed to Sakhrani litigiousness, the court declines to do so.

7

      Motion to require prior approval of future court filings is denied.

 

July 19, 2006                              <u>S/ *Peter G. Sheridan*</u>
                                            PETER G. SHERIDAN, U.S.D.J.